UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | | |
|---|---|---|
| JAHJEAN C. SALAHUDDIN, | ) | No. ED CV 12-00767-VBK |
| Plaintiff, | ) ) | MEMORANDUM OPINION |
| v. | ) ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | (Social Security Case) |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

1          determined that Plaintiff has a non-severe physical
2          impairment;
3     2.   Whether the ALJ fully and fairly developed the record; and
4     3.   Whether the ALJ properly considered Plaintiff's testimony
5          and made proper credibility findings.
(JS at 3.)


This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.


**I**

**THE ALJ CORRECTLY DETERMINED THAT PLAINTIFF**

**DOES NOT HAVE A SEVERE PHYSICAL IMPAIRMENT**

The ALJ determined that Plaintiff does not have a severe impairment or combination of impairments pursuant to 20 C.F.R. § 416.921, et seq. (Decision at 10, ¶ 3.) Plaintiff claims this is error and merits reversal for a new hearing or for an award of benefits.

Before addressing the Step Two analysis, the Court notes that Plaintiff has failed to acknowledge the presumption of continuing non-disability based on a prior unfavorable Decision dated June 25, 2008, which found her to be not disabled. (AR 45-57.) In the current case, the ALJ found that Plaintiff failed to rebut the presumption of continuing non-disability (AR 11-12) under the controlling requirements of Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). The ALJ specifically found that "there has not been a showing of a changed circumstance material to the determination of disability, and the

2

presumption of continuing non-disability has not been rebutted." (AR 12.)

Plaintiff has failed to address this issue in her portion of the JS. Under Chavez, it is Plaintiff's burden to prove changed circumstances.

While Plaintiff's failure to rebut the presumption of continuing non-disability is a sufficient reason to affirm the Decision, the Court will briefly address the ALJ's Step Two finding that Plaintiff does not have a severe impairment. A severe impairment is one which imposes "more than a minimal restriction on a person's ability to engage in basic work activities." (20 C.F.R. § 416.920(c); Social Security Ruling ["SSR"] 88-3c.)

The existence of a severe impairment is not determined by symptoms, but must be established by objective evidence. (SSR 96-4p.) While the Step Two finding is often referenced as a "de minimis" showing of limitation (see Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996)), it is required that the impairment must cause more than minimal limitation in a claimant's ability to do basic work activities. See Perkins v. Astrue, 535 F.Supp.2d 986, 990 (C.D. Cal. 2008).

While Plaintiff recognizes that objective evidence must support a Step Two determination of severe impairment, nevertheless, she mostly cites medical records which reiterate her subjective complaints more than they contain objective findings. For example, in one record which Plaintiff cites (see JS at 6), she was examined at Kaiser, complaining of irritable bowel syndrome ("IBS"). The medical provider wrote, "supposedly so severe that she thinks she's disabled." (AR 312.) Based on her subjective complaints, her physician suggested a

colonoscopy, which Plaintiff refused. (AR 312.)

In a report dated August 20, 2009, under the heading "Major Depression," the physician wrote the following:

> "The patient wants disability ... She wants us to fill out paperwork on information that
>
> 1 - we don't have.
>
> 2 - we didn't do the workup Kaiser did.
>
> I do not have any reason to give her disability. In addition she needs a mental status evaluation by a psychiatrist or psychologist."

(AR 319.)

While Plaintiff complains that the ALJ failed to develop the medical record, in fact, he ordered and obtained two independent consultative examinations ("CE"). One was provided by a psychiatrist, Dr. Smith, in June 2009 (AR 271-277), and the other was provided by an internal medicine physician, Dr. Eriks (AR 278-284). Dr. Smith's report summarized objective testing in a detailed narrative in which she noted that Plaintiff was a "poor historian," was "somewhat melodramatic in her claims," "was a little manipulative," and did not accurately describe symptoms that she alleged caused her mental disability. Dr. Smith rendered an opinion that Plaintiff had no mental functional limitations.

With regard to the CE of Dr. Eriks, Plaintiff was examined and objective testing was performed. Dr. Eriks provided a detailed narrative report which indicated normal results on testing, but assessed significant evidence of magnification of symptoms. Anecdotally, Dr. Eriks noted that while Plaintiff "alternated between

4

clutching her abdomen and clutching her back" (AR 281), the physician's staff observed that after she left the office to go to her friend's car, she was not hunched over and had "a normal stride and walked quickly to her friend's motor vehicle." (AR 281.) Not surprisingly, Dr. Eriks rendered an opinion that Plaintiff had no physical functional limitations. (AR 281.)

As against this, Plaintiff identifies a check-the-box form opinion from Dr. Smalls. The ALJ discounted this and explained why he did not give it any weight. (AR 12.) Dr. Smalls opined that there were severe limitations (AR 386-87), but the ALJ noted that these conclusions are not supported in any fashion by Plaintiff's progress reports, and are further belied by the fact that her physicians prescribed only conservative treatment. (AR 12, 300-387.)

In the context of her second issue, Plaintiff contends that the ALJ should have further developed the record by obtaining a colonoscopy report that was performed at Kaiser; however, at her 2010 hearing, Plaintiff conceded that this report contained no significant findings. (AR 27-28.) There is only a duty to develop the record where it contains ambiguous evidence or is insufficient to allow for proper evaluation of the existing evidence. See Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001); 20 C.F.R. § 416.913(c)).

Plaintiff's final and third issue challenges the ALJ's credibility findings. Plaintiff relies on a Fatigue Questionnaire of August 11, 2009 (AR 190-192); her April 8, 2009 Function Report (AR 138-145); and her testimony at the hearing on October 14, 2010 (AR 26-37).

The ALJ depreciated Plaintiff's credibility because her subjective symptoms are not supported by her medical records. (AR 11-

5

12.)  For example, the ALJ noted that Plaintiff had reported nausea and vomiting in her written reports, but denied both of these during her June 2009 CE.

The ALJ further noted that Plaintiff's testimony regarding a number of limitations in her activities of daily living ("ADL") is unsupported by the records.

The law setting out standards for credibility determination is well known and will not be extensively cited here for that reason.  It is the ALJ's obligation to provide sufficiently specific credibility findings supported by the record.  See Thomas v. Barnhart, 278 F.3d 947, 958-959 (9th Cir. 2002); SSR 96-7p.

Also relevant to the credibility determination is the significant evidence of malingering and symptom magnification.  While Plaintiff denies that this exists, it is readily apparent in the reports, some of which the Court has already noted. But for purposes of clarity, the Court references both of the independent consultative examiners, and even Plaintiff's own physician who rejected her requests for disability, finding that he did not have any reason to provide it. Indeed, the evidence of symptom magnification and malingering which Plaintiff displayed during her CE's evidences an individual whose goal appears to be to game the system. See Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1225 (9th Cir. 2010).

Finally, although an inconsistency between objective medical evidence and claims of subjective symptoms cannot be the sole support of a credibility depreciation finding, it is a relevant factor, and here, the ALJ cited numerous instances in which the objective evidence fails to support the extreme symptoms claimed by this Plaintiff.

All in all, there is more than substantial evidence in the record

to support the ALJ's credibility finding.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED**.


DATED: February 8, 2013                    /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE